**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 03-00199-SGL(OPx)                                    Date: December 6, 2006

Title:   JEFF QUON, JERILYN QUON, APRIL FLORIO, DOREEN KLEIN, STEVE TRUJILLO, ROES 1-20, inclusive -v- ARCH WIRELESS INC.; CITY OF ONTARIO, LLOYD SCHARF, DEBBIE GLENN, DOES 1-10, Inclusive

================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                                                    None Present
Courtroom Deputy Clerk                                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                                  None present

PROCEEDINGS:   (IN CHAMBERS)
                             ORDER RE DEFENDANTS' MOTION FOR ATTORNEYS FEES

The Court has received defendants' motion for attorney's fees for $161,758.50. In their motion, defendants have failed to provide an itemization of their fees — the amount of hours expended on particular legal work, the attorney performing such legal work, or the hourly rate that attorney seeks for that legal work. Defendants note that, "[i]f the Court requires the actual billing sheets" that they "be reviewed in camera as defendants anticipate this matter going up on appeal, and the billing sheets include attorney work-product." (Decl. Laura Steehan ¶ 3).

The amount of attorney's fees recoverable under section 1988, the statute defendants are employing to gain their fees, is determined under the lodestar method, see <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363 (9th Cir. 1996). This method multiplies the number of hours "the prevailing party reasonably expended on the litigation by a reasonable hourly rate." <u>McGrath v. County of Nevada</u>, 67 F.3d 248, 252 (9th Cir. 1995). None of the components that figure into the lodestar calculus are tendered by defendants for the Court to even begin to formulate any decision. Neither is such information available for plaintiffs to provide a meaningful opposition to

MINUTES FORM 90                CLERK, U.S. DISTRICT COURT                    Initials of Deputy Clerk: jh
CIVIL -- GEN                        CENTRAL DISTRICT OF CALIFORNIA
                                           Priority ___ ✓ ___ Send ___ ✓ ___          Docket #188
                                           Entered ___     Closed ___
                                           JS-5/JS-6 ___   JS-2/JS-3 ___
                                           Scan Only ___  Docketed on CM ___ ✓
                                           ___ ✓ THIS CONSTITUTES NOTICE OF 77(d)
                                           ___ ENTRY AS REQUIRED BY FRCP 77(d)
                                           12-7-06

EDCV 03-00199-SGL(OPx)
JEFF QUON, JERILYN QUON, APRIL FLORIO, DOREEN KLEIN, STEVE TRUJILLO, ROES 1-20, inclusive v ARCH WIRELESS INC.; CITY OF ONTARIO, LLOYD SCHARF, DEBBIE GLENN, DOES 1-10, Inclusive

MINUTE ORDER of December 6, 2006

the reasonableness of defendants' request. In essence, as it now stands, defendants seek to transform the determination of the reasonableness of attorney's fees into a pro forma exercise with the Court accepting as reasonable any figure tendered by the moving party. This the Court declines to do.

Accordingly, if defendants wish to pursue their motion for attorney's fees, they are ORDERED to provide to the Court within fourteen (14) days a copy of defense counsel's billing sheets delineating the type of legal work performed, who performed such legal work, and the hourly rate sought by that attorney for such legal work, and to also serve a copy of said billing sheets on plaintiffs in order to allow them to challenge the reasonableness of the fees sought.

IT IS SO ORDERED.